RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 23a0278p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

No. 22-2009

KEJUAN PHARRELL CARTER,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:22-cr-00073-1—Jane M. Beckering, District Judge.

Decided and Filed:  December 27, 2023

Before:  GILMAN, LARSEN, and NALBANDIAN, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:**  Joanna C. Kloet, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Grand Rapids, Michigan, for Appellant.  Daniel T. McGraw, UNITED STATES ATTORNEY'S OFFICE, Grand Rapids, Michigan, for Appellee.

LARSEN, J., delivered the opinion of the court in which NALBANDIAN, J., joined in full.  GILMAN, J. (pp. 8–10), delivered a separate opinion concurring in the judgment.

_____

## OPINION

_____

LARSEN, Circuit Judge.  Kejuan Pharrell Carter pleaded guilty to distributing methamphetamine and was sentenced to 108 months' imprisonment.  Carter challenges the procedural reasonableness of that sentence, arguing that the district court failed to address his policy argument for a downward variance from the advisory Sentencing Guidelines range.

Carter is not entitled to relief because he either waived his right to bring this challenge or invited the alleged error, and no manifest injustice will result from declining to consider his challenge. We AFFIRM.

I.

Carter sold approximately 320 grams of methamphetamine to an undercover officer in 2022. He was charged with three counts of distributing methamphetamine and, pursuant to a plea agreement, pleaded guilty to one count. His advisory Sentencing Guidelines range was 108 to 135 months' imprisonment. In his sentencing memorandum, Carter made two arguments for a downward variance. First, Carter made a policy argument, arguing that the Guidelines' focus on drug quantity and purity improperly punished low-level offenders. Carter contended that the purity of methamphetamine in average circulation has increased since the Guidelines' implementation, so low-level offenders are receiving punishments meant for "kingpins." Second, Carter made an argument based on his life experience and characteristics. He argued that a downward variance was warranted because of his traumatic upbringing and his willingness to make this case a turning point in his life.

At his sentencing hearing, Carter made only passing reference to his policy argument. He focused primarily on his life experience and characteristics. The district court followed suit and did not directly discuss Carter's policy argument. Instead, after noting that the court had read Carter's sentencing memorandum and understood the Sentencing Guidelines as advisory, the district court considered the relevant § 3553(a) factors and focused on Carter's primary argument, his life experience and characteristics. The district court denied Carter's motion for a downward variance, emphasizing his criminal history, and imposed a bottom-of-the-Guidelines sentence of 108 months' imprisonment. After announcing that sentence, the district court asked: "Pursuant to *United States v. Bostic*, is counsel satisfied that I've addressed on the record all non-frivolous arguments asserted?" R. 33, Sentencing Tr., PageID 163. Through counsel, both Carter and the government replied: "Yes, Your Honor." *Id.* The district court then asked whether there were any objections to the sentence. In response, Carter offered one objection, unrelated to his policy argument, and the district court addressed that objection thoroughly.

Carter now appeals, asking that his sentence be vacated and his case be remanded for resentencing on the ground that the district court erred by failing to address his policy argument.

## II.

Carter challenges the procedural reasonableness of his sentence. A judge's consideration of the defendant's arguments at sentencing is procedurally reasonable when the record reflects that the district court has considered those arguments and exercised its decision-making authority in a reasoned manner. *United States v. Simmons*, 587 F.3d 348, 361 (6th Cir. 2009) (citing *Rita v. United States*, 551 U.S. 338, 356 (2007)). While the district court's explanation may be brief, our case law suggests that "as a procedural matter, the district judge must generally speak to arguments that are clearly presented and in dispute." *Id.* (citing *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006)).

We do not reach the question whether the district court adequately addressed Carter's policy argument because Carter either waived his right to bring this challenge or invited the alleged error, and no manifest injustice will result from declining to consider his challenge.

## A.

The parties assume that plain-error review applies because Carter forfeited his claim that the district court had not adequately addressed his policy argument.[1] Despite the parties' characterization of the proceedings below, we conclude that waiver or invited error is the more appropriate description. *See United States v. Brown*, 934 F.3d 1278, 1301 (11th Cir. 2019) ("Although the government has not argued that this was invited error, an appellate court may apply the invited-error doctrine *sua sponte*."); *Jones v. United States*, 689 F.3d 621, 624 n.1 (6th Cir. 2012) ("[W]e are not required to consider [waiver] sua sponte" and "decline to do so."); *United States v. Mancera-Perez*, 505 F.3d 1054, 1057 n.3 (10th Cir. 2007) (raising invited error

---

[1]Carter argues, alternatively, that reasonableness, rather than plain-error, review should apply because his argument encompasses both substantive and procedural reasonableness. It is true that the plain-error standard does not apply where a challenge is both substantive and procedural in nature. *See United States v. Jeter*, 721 F.3d 746, 756 (6th Cir. 2013). But Carter's argument that the district court failed to address his policy argument is purely procedural, so plain error would be the standard of review had he merely forfeited his argument. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (failure to adequately explain a sentence is a procedural error).

*sua sponte* because it would be a "perversion of the integrity and proper administration of justice to allow a defendant affirmatively to support the reasonableness of his sentence before the district court and then to challenge the reasonableness of that sentence on appeal"). That is so because, rather than merely failing to raise an objection below, Carter makes the precise argument on appeal that he disclaimed in the district court.

We have described the doctrines of waiver, invited error, and forfeiture as lying on a continuum. *United States v. Akridge*, 62 F.4th 258, 263 (6th Cir. 2023). At one end is waiver: "the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (citation and internal quotation marks omitted). We do not consider waived arguments because the waiving party has conceded that there is no error to review. *See Akridge*, 62 F.4th at 263. At the other end is forfeiture: "the failure to make the timely assertion of a right." *Olano*, 507 U.S. at 733. We review forfeited arguments, but only for plain error. *Akridge*, 62 F.4th at 263. In between lies invited error: the "contribut[ion] in some way to the district court's error without intentionally relinquishing [a right]." *United States v. Montgomery*, 998 F.3d 693, 698 (6th Cir. 2021). "[W]e sometimes—albeit rarely—review invited errors to prevent 'manifest injustice.'" *Akridge*, 62 F.4th at 263 (quoting *United States v. Woods*, 61 F.4th 471, 481 (6th Cir. 2023)).

## B.

Carter seeks vacatur of his sentence on the ground that "the district court failed to address a non-frivolous argument" in support of a variance. Appellant Br. at 12. But Carter either waived his right to bring this challenge or invited the alleged error. At the sentencing hearing, Carter, through counsel, specifically agreed that he was "satisfied that [the district court had] addressed on the record all non-frivolous arguments asserted." R. 33, Sentencing Tr., PageID 163. He cannot now protest that the trial court had not, in fact, addressed them.

Some of our cases would treat Carter's statement as waiver, in which case there would be nothing for us to review. Because defense counsel "explicitly agreed" that the district court had "addressed . . . all non-frivolous arguments" to counsel's satisfaction, we might say that counsel had concurred "with [the] judge's proposed course of conduct," to conclude the hearing without

saying more. *United States v. Mabee*, 765 F.3d 666, 673 (6th Cir. 2014) (citation omitted). That would be waiver. *See United States v. Jackson*, 995 F.3d 476, 483–84 (6th Cir. 2021) (treating claim that sentencing enhancement should not be applied as waived and not reviewable "at all" where defense counsel stated that he "couldn't have, in good faith, objected to" the enhancement); *see also United States v. Aparco-Centeno*, 280 F.3d 1084, 1088 (6th Cir. 2002) (holding that objection to classification of offenses as aggravated felonies was waived where defense counsel "explicitly agreed that they qualified as such").

On the other hand, we might treat Carter's statement as having invited the district court's error. *See Montgomery*, 998 F.3d at 699 (reinterpreting *Aparco-Centeno* as invited error rather than waiver). *United States v. Derringer*, 844 F. App'x 802 (6th Cir. 2021), is illustrative. There, the district court asked the parties to address its calculation of the offense level. *Id.* at 810. In response, counsel said: "I have nothing to disagree with that . . . . [It] appears to be correct." *Id.* We called this response "an affirmative indication of agreement" sufficient to invite error. *Id.* And we noted that counsel's statement was "on par" with statements we had previously treated either as waiver or invited error, such as "counsel's saying he is 'getting more comfortable' with something or saying that it is 'appropriate.'" *Id.* (first quoting *United States v. Budd*, 496 F.3d 517, 529 (6th Cir. 2007); then quoting *United States v. Parker*, 837 F. App'x 341, 348 (6th Cir. 2020)). Either way, Carter's statement was more than forfeiture—the mere "failure to make the timely assertion of a right." *Olano*, 507 U.S. at 733.

*United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004), is not to the contrary. *Bostic* established a "procedural rule, requiring district courts, after pronouncing the defendant's sentence but before adjourning the sentencing hearing, to ask the parties whether they have any objections to the sentence just pronounced that have not previously been raised." *Id.* at 872. An objection not raised in response to the *Bostic* question is merely forfeited. *Id.* at 872–73. That is because the *Bostic* question does not call for "plain, positive concurrence with the district court's conclusions." *Mabee*, 765 F.3d at 672. It broadly asks whether the parties object to the sentence.

In this case, the district court asked: "Pursuant to *United States v. Bostic*, is counsel satisfied that I've addressed on the record all non-frivolous arguments asserted?" R. 33,

Sentencing Tr., PageID 163. The *Bostic* preface is somewhat out of place because the question that immediately followed was not the *Bostic* question, though that question came later. Unlike the *Bostic* question, which calls broadly for any outstanding objections to the sentence, the district court here narrowly addressed a single issue—whether counsel was satisfied that it had addressed on the record all non-frivolous arguments asserted—and called for counsel's affirmative concurrence. Carter's response was a specific concession addressing the precise issue raised on appeal, which is sufficient to invoke waiver or invite error. *See Mabee*, 765 F.3d at 673; *see also United States v. Hall*, 373 F. App'x 588, 592 (6th Cir. 2010) (finding waiver where parties "agree in open court with a judge's proposed course of conduct" (citation and alteration omitted)).

## C.

It is not necessary to decide where Carter's statement falls on the "hazy border" between waiver and invited error. *Montgomery*, 998 F.3d at 698. We do not consider waived arguments, *Akridge*, 62 F.4th at 263, and we review invited errors only when "failing to do so would result in manifest injustice," *Montgomery*, 998 F.3d at 699. And in this case, no manifest injustice will result from declining to consider Carter's challenge.

Whether review of an invited error is needed to prevent manifest injustice is largely left to the discretion of the appellate court. *See Montgomery*, 998 F.3d at 699. We "typically" review an invited error when "the government and the defendant are equally at fault and the defendant claims a violation of his constitutional rights." *Id.*; *see United States v. Barrow*, 118 F.3d 482, 491 (6th Cir. 1997) (reviewing invited error where the government stipulated to the challenged instruction, which implicated constitutional rights); *Derringer*, 844 F. App'x at 810 (not reviewing invited error although the government endorsed the challenged enhancement because the error was challenged as incorrect, not unconstitutional). But it is within the appellate court's discretion to review any invited error of "sufficient gravity." *Montgomery*, 998 F.3d at 699. In *Montgomery*, for example, the district court miscalculated Montgomery's criminal history category, an error that he invited. *Id.* at 699–700. We reviewed that error because Montgomery "was no more culpable for the error than the government," and we stressed the Supreme Court's concern with the "gravity of Guidelines-calculation errors," which could

"allow[] individuals to linger longer in prison than the law requires" on the basis of an "obvious mistake[]." *Id.* at 700 (quoting *Hicks v. United States*, 137 S. Ct. 2000, 2001 (2017) (mem.) (Gorsuch, J., concurring)).

In this case, no manifest injustice will result from declining to consider Carter's challenge. The district court asked the government, as it did Carter, whether it had addressed on the record all non-frivolous arguments asserted, and the government agreed that it had. In context, that question is best understood as referencing each party's own arguments. Regardless, even if the district court was asking the government whether it had addressed Carter's arguments, the government is not equally at fault for the alleged error. In our adversarial system, it is not the responsibility of one party to ensure that the arguments of another have been addressed. Any fault attributable to the government is less than the equal fault involved in a jointly stipulated jury instruction or an agreed-upon criminal history category. *See Barrow*, 118 F.3d at 491; *Derringer*, 844 F. App'x at 810. Carter also does not allege that his constitutional rights have been violated. *See Derringer*, 844 F. App'x at 810. And unlike a "relative[ly] eas[y]" and "obvious" Guidelines miscalculation, *Montgomery*, 998 F.3d at 699–700 (citations omitted), the district court's consideration of sentencing arguments is dynamic. The strategic decisions of the parties, including which arguments to emphasize, reasonably influence the district court's response.

Here, Carter argues that the district court failed to address his policy argument. But at his sentencing hearing, Carter gave scant attention to his policy argument, instead focusing on his life experience and characteristics. Then Carter, through counsel, specifically agreed that the district court had addressed on the record all non-frivolous arguments asserted. In so doing, Carter either waived his right to complain that the district court had not done so, or he invited the alleged error by encouraging the court to believe that it need say no more. And no manifest injustice will result from declining to consider his challenge.

\* \* \*

For the reasons set forth above, we AFFIRM.

_____

**CONCURRENCE**

_____

RONALD LEE GILMAN, Circuit Judge, concurring in the judgment.  I concur in the conclusion reached by the majority, but I believe that the ruling against Carter should not be based on either waiver or invited-error.  Rather, I believe that we should affirm the judgment of the district court because it did not plainly err in failing to address Carter's policy-based argument regarding his sentence.

Carter contends that the district court's failure to address his policy-based argument (that the Sentencing Guidelines excessively focus on drug quantity and purity) constitutes reversible error under the plain-error standard of review.  But after imposing the sentence, the district judge asked:  "Pursuant to *United States v. Bostic*, is counsel satisfied that I've addressed on the record all non-frivolous arguments asserted."  Carter's counsel then responded:  "Yes, Your Honor."

In light of the above exchange, the majority concludes that Carter's policy-based argument is either waived or barred by the doctrine of invited-error.  I firmly believe that the statement by Carter's counsel cannot reasonably be construed as a waiver of Carter's policy-based argument.  The majority correctly notes that waiver is the "intentional relinquishment or abandonment of a known right."  Maj. Op. at 4 (quoting *United States v. Olano*, 507 U.S. 72, 733 (1993)).  In the present case, the district court expressly stated that its question was "[p]ursuant to *United States v. Bostic*" immediately before asking a question that, as the majority acknowledges, "was not the *Bostic* question."  Maj. Op. at 6.  I fully agree with the majority that the invocation of *Bostic* was "somewhat out of place," *id.*, which makes one hard-pressed to characterize counsel's response as an *intentional* relinquishment or abandonment of Carter's right to object.  The doctrine of waiver, therefore, is simply beyond the pale based on the record before us.

On the other hand, if the government had raised the invited-error doctrine in its brief on appeal, I would fully agree with the majority that Carter's counsel invited the error.  *See* Maj.

Op. at 5. The problem in this case, however, is that the government did not argue that Carter either waived his policy-based argument or invited the district court's error.

This court has held that a party's failure to raise an argument on appeal constitutes either a waiver or a forfeiture. *Compare United States v. Russell*, 26 F.4th 371, 374–75 (6th Cir. 2022) (Nalbandian, J.) (recognizing that "[a] forfeiture is 'the failure to make the timely assertion of a right' whereas a waiver is 'the intentional relinquishment or abandonment of that right,'" and concluding that "to waive the argument, the government must either (1) take some step to 'expressly abandon' it or (2) fail to raise it in its first brief on appeal.") (citations omitted), *with Courser v. Allard*, 969 F.3d 604, 621 (6th Cir. 2020) (holding that parties forfeit arguments not raised in an opening appellate brief).

The government did not argue in its appellate brief that Carter waived his policy-based argument or that he invited the error, but instead asserted that the plain-error standard of review applies because Carter's counsel failed to object pursuant to *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004). Based on this court's precedents, the government has therefore waived (or forfeited) the argument that Carter either (1) waived his policy-based argument before the district court, or (2) invited the error. I thus do not believe that we should decide this case on the basis of Carter's alleged waiver or the invited-error doctrine when the government has raised neither argument.

But this still leaves us with what the government did argue on appeal—plain error. I would affirm the district court's sentence on the basis that the court did not plainly err in light of defense counsel's agreement at the sentencing hearing that the court had "addressed on the record all non-frivolous arguments asserted." To establish plain error, Carter "must show (1) error (2) that was obvious or clear, (3) that affected [the] defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010).

True enough, this court in *Wallace* held that a district court's "failure to even so much as acknowledge [an] argument constitutes an error that was obvious or clear." *Id.* at 806. But unlike Carter's counsel, the defendant's counsel in *Wallace* played no part in the district court's

failure to address the defendant's nonfrivolous arguments.  Here, by contrast, defense counsel specifically acknowledged that the court had addressed all nonfrivolous arguments asserted by Carter.  Under such circumstances, there is simply no error, much less one that was "obvious or clear." *See id.*  I would therefore hold that the district court did not plainly err when it failed to address Carter's policy-based argument.