NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0277n.06

No. 23-5221

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Jun 25, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF KENTUCKY |
| TERRELL TRAMMELL, | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

BEFORE: SILER, CLAY, and GRIFFIN, Circuit Judges

GRIFFIN, Circuit Judge.

Law enforcement began investigating defendant Terrell Trammell after he took over his brother's drug-trafficking business. When officers executed a search warrant at Trammell's stash house, he and a co-conspirator fled, but they collided with an FBI agent and his vehicle while doing so. Between the search of Trammell's stash house and vehicle, law enforcement located multiple guns and a distribution-level quantity of drugs. A jury convicted him of drug- and firearms-related crimes, as well as aiding and abetting the assault and resistance of a federal officer. Trammell now challenges his convictions on sufficiency-of-the-evidence, constitutional, and evidentiary grounds, and he asserts that his sentence is procedurally unreasonable. We affirm.

I.

Louisville police officers and the FBI investigated defendant's brother, Frank Trammell, and his associates for drug trafficking. Following several controlled buys, law enforcement learned that Frank ran his drug-trafficking business from a Chrysler 300, so they obtained and

executed several search warrants, including one for the Chrysler. They arrested Frank but were unable to locate the vehicle.

After Frank's arrest, one of the confidential informants who bought drugs from Frank began receiving phone calls from James Smith, who claimed to be the informant's "new drug dealer, [and] that they were taking over" following Frank's arrest. Law enforcement capitalized on this opportunity and began conducting controlled buys with Smith. Right before one of those transactions, someone driving Frank's Chrysler arrived nearby and met up with Smith. Law enforcement then began surveilling the Chrysler and discovered that Terrell Trammell was the driver.

They then witnessed Trammell conduct several drug transactions and controlled buys. A few times, Trammell had a co-conspirator, Dyllon Spearman, with him. Trammell also drove the Chrysler to the apartment of his girlfriend, Jamila Butler, several times while dealing drugs.

Based on this surveillance, law enforcement obtained a search warrant for Butler's apartment and the Chrysler. Officers staked out the apartment until the Chrysler—with Trammell and Spearman inside—arrived. Trammell and Spearman entered the apartment, and officers waited for them to exit before executing the warrant. As the two exited, officers wearing marked vests appeared, shouting "police" and "get on the ground" at them. Meanwhile, in the parking lot, FBI Special Agent Ryan Berthay activated his lights and sirens.

Despite the officers' commands, Trammell and Spearman ran to the Chrysler and attempted to flee. To prevent their escape, Berthay moved his vehicle so that it blocked the Chrysler from leaving the apartment complex. He then attempted to exit his vehicle, but the Chrysler—with Spearman driving and Trammell in the passenger seat—rammed into the side of Berthay's vehicle,

pinning him in between the two vehicles. The Chrysler crushed Berthay, who responded by shooting into the Chrysler (although he did not hit Trammell or Spearman).

The remaining officers quickly approached the Chrysler, opened the doors, and found Spearman crouched behind the driver's seat and Trammell on the floor in front of the passenger seat. Officers arrested both suspects, and a search uncovered two loaded firearms on the floor in front of the driver's seat, one of which had Trammell's DNA on it. In the subsequent search of Butler's apartment, officers found two loaded firearms and a distribution-level quantity of a mixture of heroin and fentanyl.

A jury convicted Trammell for conspiracy to distribute heroin and fentanyl; distribution of heroin and fentanyl; possession with intent to distribute fentanyl; possession of a firearm in furtherance of drug trafficking; possession of a firearm as a felon; and aiding and abetting the assault and resistance of a federal officer. The Probation Department prepared a presentence investigation report (PSR), calculating his Guidelines range at 352–425 months in prison. Trammell did not object to the PSR. At sentencing, he confirmed multiple times that he had no objections to the PSR and that its Guidelines calculation—which the district court adopted—was correct. The district court then sentenced him to 352 months' imprisonment, the bottom of his Guidelines range. Trammell timely appealed.

## II.

Trammell challenges several of his convictions on sufficiency-of-the-evidence grounds. We review a challenge to the sufficiency of the evidence for a criminal conviction de novo. *United States v. Robinson*, 813 F.3d 251, 255 (6th Cir. 2016). A defendant raising a sufficiency-of-the-evidence challenge on appeal faces a "very heavy burden." *Id.* (citation omitted). The defendant must show that, even when viewing the evidence in the light most favorable to the prosecution, no

"rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Jackson*, 473 F.3d 660, 669 (6th Cir. 2007) (citation omitted). We may not "reweigh the evidence, reevaluate the credibility of witnesses, or substitute our judgment for that of the jury." *United States v. Callahan*, 801 F.3d 606, 616 (6th Cir. 2015) (citation and brackets omitted).

A.

We begin with Trammell's conspiracy conviction. Drug conspiracy under 21 U.S.C. § 846 requires the government to prove (1) "two or more individuals have agreed to violate a drug law" and (2) the defendant "knowingly and voluntarily entered into this agreement." *United States v. Mosley*, 53 F.4th 947, 956 (6th Cir. 2022) (citation omitted). Because conspirators do not enter into formal agreements to break the law, "a tacit or material understanding among the parties will suffice." *United States v. Deitz*, 577 F.3d 672, 677 (6th Cir. 2009) (citation omitted). Indeed, "[t]he existence of a conspiracy may be inferred from circumstantial evidence that can reasonably be interpreted as participation in the common plan." *Id.* (internal quotation marks omitted).

Trammell contends that he worked alone in selling drugs. He argues that the government failed to prove he was in a conspiracy with Frank, and therefore, the government merely proved buyer-seller relationships, which are insufficient to establish a conspiratorial relationship. *See id.* at 680. We disagree.

Viewing the evidence in the light most favorable to the prosecution, the government proved beyond a reasonable doubt that Trammell conspired with Frank to sell drugs by taking over the business after Frank's arrest. The government showed that Trammell obtained Frank's Chrysler 300; used the same unique method of exchange as Frank (i.e., "pitching the narcotics from their vehicle to the other"); worked with at least one of Frank's co-conspirators (Smith); and sold drugs

to Frank's customers (including confidential informants) in furthering their drug conspiracy. Contrary to Trammell's arguments on appeal, a rational juror could conclude that the brothers' relationship was more than familial—the evidence showed that they were willing drug conspirators because they established a common scheme or plan.

B.

Trammell next challenges his convictions for possessing a firearm in furtherance of drug trafficking and being a felon in possession of a firearm, arguing that the firearms at issue were possessed not by him but instead by other individuals. Both crimes require the government to prove that the defendant purposely possessed a firearm. *United States v. Hall*, 20 F.4th 1085, 1107 (6th Cir. 2022) (explaining that a defendant must "knowingly possess[]" a firearm to be convicted of being a felon in possession under 18 U.S.C. 922(g)(1)); *United States v. Maya*, 966 F.3d 493, 500 (6th Cir. 2020) (noting that a defendant must possess a firearm for an "illicit purpose" to be convicted of possessing a firearm in furtherance of drug trafficking under 18 U.S.C. § 924(c)(1)(A)). "Possession may be either actual or constructive and it need not be exclusive but may be joint." *United States v. Sadler*, 24 F.4th 515, 551 (6th Cir. 2022) (internal quotation marks omitted). Constructive possession can be proven by circumstantial evidence, and it exists where the defendant "has dominion over the premises where the firearm is located." *Id.* (citation omitted).

Absent any citation to legal authority, Trammell argues that the two firearms found in the Chrysler were located on the driver's side floorboard, so they could not have been his because he was in the passenger side of the vehicle at the time of his arrest. He ignores that he had been observed driving the vehicle on other occasions, that his DNA was found on one of the guns, and that Spearman was his co-conspirator. A rational jury could conclude that these facts are at least

sufficient for Trammell's constructive or joint possession of the firearms found in the Chrysler. Moreover, a rational jury could infer that Trammell possessed the guns located in Butler's apartment—he frequented the apartment and possessed a key to it; thus, he exercised dominion over the apartment, meaning he constructively possessed the guns located there. *See id.*

Additionally, Trammell challenges the sufficiency of the evidence for his firearm-in-furtherance-of-drug-trafficking conviction for another reason: that the firearms were not associated with drug trafficking. However, he merely raises this argument in one sentence with no supporting authority, which is insufficient to properly raise the issue on appeal. *See, e.g.*, *United States v. Hendrickson*, 822 F.3d 812, 829 n.10 (6th Cir. 2016) ("A party may not raise an issue on appeal by mentioning it in the most skeletal way, leaving the court to put flesh on its bones." (internal quotation marks and alterations omitted)). So we will not consider it further.

## C.

For his last sufficiency-of-the-evidence challenge, Trammell argues that his conviction for aiding and abetting the assault and resistance of a federal officer cannot stand, focusing on whether the government proved the requisite intent. To be guilty of assaulting or resisting a federal officer under 18 U.S.C. § 111(a)(1), "the government must show that the defendant: (1) forcibly (2) assaulted, resisted, opposed, impeded, intimidated, or interfered with (3) a federal officer (4) in the performance of his duties." *United States v. Milliron*, 984 F.3d 1188, 1194 (6th Cir. 2021) (citation omitted). Assault of a federal officer is a general-intent crime, "requiring only that a person knowingly, consciously, and voluntarily committed an act which the law makes a crime; it does not require a showing of bad purpose." *Id.* (internal quotation marks omitted).

When a defendant's guilt rests on the theory that he aided and abetted a federal crime, the government must prove: "(1) an act by the defendant that contributes to the commission of the

crime, and (2) an intention to aid in the commission of the crime." *United States v. Graham*, 622 F.3d 445, 450 (6th Cir. 2010) (citation omitted); *see also* 18 U.S.C. § 2. Aiding and abetting encompasses "all assistance rendered by words, acts, encouragement, support, or presence." *Reves v. Ernst & Young*, 507 U.S. 170, 178 (1993). Regardless of the mens rea of the underlying offense, an element of aiding and abetting is "specific criminal intent," *United States v. Bryant*, 461 F.2d 912, 920 (6th Cir. 1972), which means "that the defendant shared in the criminal intent of the principal," *United States v. Brown*, 151 F.3d 476, 486 (6th Cir. 1998) (citation omitted).

In addition to the crimes for which he was convicted, Trammell was also indicted for aiding and abetting the attempted murder of a federal officer. But at trial, the government conceded that it had failed to prove that Spearman had the necessary specific intent to kill Special Agent Berthay when ramming into Berthay's car. The district court agreed and dismissed this charge against Trammell upon his motion for a judgment of acquittal.

On appeal, Trammell argues that the district court's dismissal of the attempted-murder charge but not the assault charge was "inconsistent and error," contending that the government failed to prove intent for both crimes. Trammell asserts that neither he nor Spearman specifically intended to assault Special Agent Berthay, so the evidence is insufficient to sustain his conviction for the assault charge. We reject these arguments.

As an initial matter, whether Spearman specifically intended to assault Berthay is not dispositive because assault and resistance under § 111(a)(1) are general-intent crimes, so the government needed to prove only that Spearman "knowingly, consciously, and voluntarily committed an act which the law makes a crime." *Milliron*, 984 F.3d at 1194. The evidence showed that Spearman attempted to escape the police, who were executing a search warrant, and he ran a car into a federal officer in doing so. Spearman undoubtedly intended to commit an illegal act by

assaulting, resisting, opposing, impeding, or interfering with federal officers, as prohibited under § 111(a)(1). Thus, the evidence sufficiently established the underlying assault and resistance committed by Spearman, as well as his accompanying general intent.

Because the evidence established Spearman's intent to assault or resist Berthay, Trammell is left only with his argument that, just like he did not intend to kill Berthay, he also did not intend to assault Berthay, so he could not be guilty of this crime via aiding and abetting. This argument fares no better. First, we reject Trammell's contention that, because he did not intend to murder Berthay, he also could not have intended to assault Berthay. Murder and assault contain different elements, so a person can intend to assault someone while lacking intent to murder. *Compare* 18 U.S.C. § 111(a)(1), *with* 18 U.S.C. § 1113, 1114. Second, to be guilty of this crime through an aiding-and-abetting theory, Trammell did not need to specifically intend to assault Berthay; rather, he needed to specifically intend "to aid in the commission of the crime." *Graham*, 622 F.3d at 450; *accord United States v. Nacotee*, 159 F.3d 1073, 1076 (7th Cir. 1998) (explaining that to be liable under the theory of aiding and abetting for the general-intent crime of assault, the "defendant must have had the specific intent to aid in the commission of the crime in doing whatever []he did to facilitate its commission"). The evidence plainly supports Trammell's specific intent to aid Spearman in the assault and resistance of Berthay. As the district court observed, Trammell supplied Spearman with the vehicle, allowed Spearman to drive it, ran to the vehicle, encouraged the attempted flight from known police officers (by yelling "cops"), and acted in accordance with his motive to flee. The fact that Spearman, not Trammell, was driving is irrelevant because Trammell was more than a "mere passenger." *See United States v. Pena*, 983 F.2d 71, 72–73 (6th Cir. 1993). A rational jury could therefore find that Trammell contributed to, and aided in the commission of, the assault and resistance of Berthay.

In sum, Trammell is not entitled to relief on any of his sufficiency-of-the-evidence arguments.

III.

Trammell next seeks vacatur of his firearms-related convictions on constitutional grounds, arguing that they violate the Second Amendment and the Double Jeopardy Clause.

A.

Trammell argues that 18 U.S.C. § 922(g)(1) violates the Second Amendment in light of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), rendering his felon-in-possession conviction unconstitutional. But Trammell did not raise this argument before the district court, so we review for plain error. *United States v. Johnson*, 95 F.4th 404, 415 (6th Cir. 2024). "Under plain-error review, a defendant must establish: (1) an error, (2) that was plain, (3) that affected substantial rights, and (4) that seriously impacted the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

We have now twice considered and rejected this exact Second Amendment argument under plain-error review in published opinions. *Id.* at 415–17; *United States v. Alvarado*, 95 F.4th 1047, 1051–53 (6th Cir. 2024). Each time, we noted that there is a circuit split regarding whether § 922(g)(1) is unconstitutional pursuant to *Bruen*, which necessarily defeated the defendants' argument under plain-error review. *Johnson*, 95 F.4th at 416 (first citing *United States v. Jackson*, 69 F.4th 495, 505 (8th Cir. 2023); then citing *Range v. Att'y Gen.*, 69 F.4th 96, 106 (3d Cir. 2023) (en banc)); *Alvarado*, 95 F.4th at 1051 (same).

Because we are bound by our own precedent on this purely legal question—and because the circuit split still exists—Trammell cannot show plain error in the district court's failure to sua sponte declare his felon-in-possession conviction unconstitutional.

B.

Related to his Second Amendment argument, Trammell also asserts that his convictions for being a felon in possession of a firearm and possessing a firearm in furtherance of drug trafficking violate the Fifth Amendment's prohibition on double jeopardy. Trammell failed to raise this argument in district court, so our review is for plain error. *See United States v. Branham*, 97 F.3d 835, 841–42 (6th Cir. 1996).

Trammell contends that the "status" element (i.e., that a person has been convicted of a felony) of being a felon in possession of a firearm is unconstitutional under *Bruen*, and therefore, this offense does not have a (constitutional) distinguishing element from the offense of possessing a firearm in furtherance of a drug-trafficking crime. Thus, he asserts that his felon-in-possession conviction is subsumed into his possession-of-a-firearm-in-furtherance-of-drug-trafficking conviction and violates double jeopardy. *See generally Blockburger v. United States*, 284 U.S. 299, 304 (1932).

This argument fails for two reasons. First, we have not—and neither has the Supreme Court—declared the "status" element of being a felon in possession of a firearm to be unconstitutional. So the district court not doing so sua sponte can hardly be plainly erroneous. *See Johnson*, 95 F.4th at 415–17; *Alvarado*, 95 F.4th at 1051–53. Second, we have squarely rejected the argument that crimes prohibited under § 922(g) (such as felon in possession of a firearm) and crimes prohibited under § 924(c) (such as possession of a firearm in furtherance of a drug-trafficking crime) violate the Fifth Amendment's Double Jeopardy Clause. *See United States v. Stotts*, 176 F.3d 880, 890 (6th Cir. 1999) (holding that § 924(c) and § 922(g) are separate offenses for double-jeopardy purposes); *United States v. Hayes*, 27 F.3d 568, at *5 (6th Cir. 1994) (unpublished table decision) (noting that "all circuits that have addressed this argument have

rejected it"). Here, each of Trammell's firearms-related crimes requires proof of an element uncommon to the other: proof of a prior felony conviction, 18 U.S.C. § 922(g)(1), and proof that the defendant used the firearm for drug trafficking, 18 U.S.C. § 924(c)(1)(A). Trammell's double-jeopardy argument therefore does not survive plain-error review.

## IV.

Trammell next raises evidentiary challenges to law enforcement officers' testimony regarding Frank's drug-trafficking business and techniques. We review the district court's evidentiary rulings for abuse of discretion. *United States v. Ramer*, 883 F.3d 659, 669 (6th Cir. 2018).

At trial, Trammell objected to some of the testimony regarding Frank's drug dealing on lack-of-relevance grounds. The district court overruled his objection. He argues on appeal that the district court should have found this evidence to be inadmissible under Federal Rules of Evidence 402, 403, and 404, claiming that "no conspiracy with Frank Trammell was ever shown," so any testimony about Frank's drug-trafficking business was irrelevant and highly prejudicial, tainting the jury's guilty verdict on the conspiracy count.

The district court did not abuse its discretion in allowing this testimony. First, evidence of co-conspirators' actions in furtherance of the conspiracy is relevant in proving the scope, tactics, and knowledge of the conspiracy and co-conspirators. *See United States v. Toney*, 161 F.3d 404, 413 (6th Cir. 1998) (finding no abuse of discretion under Rules 401 and 403 in admitting testimony regarding the conduct of co-conspirators); *United States v. Jerkins*, 871 F.2d 598, 605 (6th Cir. 1989) (finding no abuse of discretion under Rule 403 "in allowing references to other drug dealers during the course of the trial"); *United States v. Harris*, 983 F.2d 1069, at *3 (6th Cir. 1992) (unpublished table decision) (per curiam) (finding no abuse of discretion in admitting evidence of

an unindicted co-conspirator's actions because "such evidence [was] probative of [the defendant's] knowledge of the conspiracy and of the conspiracy's scope"). As explained above, the government proved that Trammell took over Frank's drug-trafficking business and that they were therefore co-conspirators. Circumstantial evidence (such as Trammell and Frank's common drug-dealing tactics, use of the same vehicle, and sales to the same clients) of the scope of their conspiracy was relevant in proving the conspiracy and was not highly prejudicial, so the district court did not abuse its discretion in admitting this relevant, highly probative evidence under Rules 402 or 403.

Second, the district court also committed no error under Rule 404(b).[1] "Rule 404(b) is not implicated when the other crimes or wrongs evidence is part of a continuing pattern of illegal activity." *United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995). Indeed, bad acts by other participants in a common scheme are admissible as long as they constitute part of the same criminal episode, whether or not a conspiracy is charged, and "as long as independent evidence ties the defendant to that scheme." *Toney*, 161 F.3d at 413–14. The trial record, which shows drug sales initially conducted by Frank and continued by Trammell, sufficiently establishes a common scheme among the brothers to traffic heroin. Evidence of their "continuing pattern of illegal activity" does not implicate Rule 404(b), so the district court did not abuse its discretion in admitting this evidence.

V.

Trammell finally appeals his sentence, arguing it was procedurally unreasonable for the district court to impose certain enhancements.[2] But he has expressly waived any such challenges.

---

[1]Trammell raises this argument for the first time on appeal, though the government does not ask for plain-error review. Thus, we review under the normal abuse-of-discretion standard. *United States v. Williams*, 641 F.3d 758, 763–64 (6th Cir. 2011).

[2]Trammell perfunctorily contends that his sentence was substantively unreasonable, but he fails to provide any argument on the district court's consideration of the 18 U.S.C. § 3553(a)

*See United States v. Priddy*, 808 F.3d 676, 681 (6th Cir. 2015) ("[W]here the defendant has 'explicitly agreed' that a particular guideline calculation or enhancement applies to his sentence, any challenge to that enhancement on appeal is waived." (citation omitted)), *abrogated on other grounds by United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017).  Trammell failed to object to the PSR itself, and at sentencing, he agreed that the exact enhancements he now challenges were correctly applied by the PSR and the district court.  *Cf. United States v. Mabee*, 765 F.3d 666, 673 (6th Cir. 2014).  Thus, Trammell "expresse[d] a plain, positive concurrence with applying the enhancement[s]" and waived all arguments to the contrary.  *Priddy*, 808 F.3d at 681 (internal quotation marks omitted).  So we may not consider Trammell's challenges to any enhancements on appeal.  *United States v. Carter*, 89 F.4th 565, 568 (6th Cir. 2023).

## VI.

We affirm the judgment of the district court.

---

factors or why his bottom-of-the-Guidelines sentence was too long.  This insufficiently developed argument is therefore abandoned.  *Hendrickson*, 822 F.3d at 829 n.10.