NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0443n.06

No. 24-3291

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 05, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| MICHAEL GRASSI; CFOM, INC., | ) | |
| Plaintiffs-Appellees, | ) ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| JOHN GRASSI; ALOTECH LIMITED, LLC, | ) ) ) | |
| Defendants-Appellants. | ) ) ) | OPINION |

Before: BATCHELDER, GRIFFIN, and STRANCH, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.**  Alotech Limited, LLC, and John Grassi bring this interlocutory appeal from two orders denying their requests for injunctive relief.  Because Alotech has failed to establish irreparable harm resulting from CFOM, Inc. and Michael Grassi's alleged breach of the parties' settlement agreement, we **AFFIRM** the district court's orders.

## I.   BACKGROUND

### A.   Factual Background

Brothers John and Michael Grassi once worked together to build a manufacturing technology called "ablation casting."  *Grassi v. Grassi*, No. 20-3358, 2021 WL 3355475, at *1 (6th Cir. Aug. 3, 2021).  After that technology was licensed to Honda, John, Michael, and their separate companies—Alotech Limited, LLC and CFOM, Inc., respectively[1]—became embroiled

---

[1] We refer to John Grassi and Alotech collectively as "Alotech," and Michael Grassi and CFOM collectively as "CFOM."  For clarity and concision, we refer to each brother by his first name.

in a legal dispute over Michael's role in the development process and his entitlement to any corresponding compensation. *Id.* That dispute ultimately came before this court in 2021, and following remand, the parties negotiated a settlement. The settlement included a term sheet (the "Term Sheet") requiring, relevant to this appeal, CFOM to return "all Alotech property," including computers, files, and data (collectively, "the Property"), to Alotech within 20 days. The property, which allegedly contained Alotech's intellectual property, was in CFOM's possession. In exchange for the return of the Property, Alotech was to pay CFOM $2.5 million.

CFOM allegedly failed to return the Property, so Alotech did not pay CFOM. At the district court's direction, CFOM turned over devices that Alotech alleged contained its files to a third-party forensic analyst, Ernst & Young ("EY"). But EY's examination was inconclusive: it determined only that 41,000 files in CFOM's possession might or might not contain Alotech's intellectual property.

The parties' dispute over the Property and payment continued. Alotech asked the district court to enforce the Term Sheet; CFOM asked the court to hold that Alotech's failure to pay was a repudiation of the Term Sheet, to vacate the contract, and to return the case for trial.

On March 8, 2024, the district court denied CFOM's requests as premature. It also granted in part and denied in part Alotech's requests. The court found that Alotech need not have paid CFOM because CFOM's performance—returning the Property to Alotech—was a "condition precedent" to Alotech's payment. Accordingly, due to CFOM's alleged failure to return Alotech's property, Alotech's refusal to pay was not a repudiation of the contract under Ohio law. The district court further explained that because CFOM's return of the Property was a condition precedent to payment, such return was voluntary. The district court therefore denied Alotech's request for a permanent injunction against CFOM.

Per the district court's March 8 Order, the devices turned over to EY were to be returned to CFOM so CFOM could have an expert "forensically examine those files to determine which, if any, are Alotech property." Alotech opposed the return of the devices and filed an emergency motion for injunctive relief. Alotech asked the district court to grant a preliminary injunction staying its prior order for 30 days, ordering EY to maintain forensic copies of the devices and data at issue, and halting the return of the devices to CFOM.

In its March 19 Order, the district court granted Alotech's requests to "order Ernst & Young to maintain forensic copies of the devices and data at issue" and to provide a 30-day stay for EY to create those copies. But the court denied Alotech's request for injunctive relief preventing the devices' return to CFOM, again referencing that the return of the Property was a condition precedent. Having twice been denied injunctive relief, Alotech appealed the March 8 and 19 Orders.

After filing a notice of appeal, Alotech moved this court to stay enforcement of the district court's orders below. We denied that relief noting:

> We need not address the merits of [Alotech's] claims because they have not shown that they face irreparable injury absent a stay. . . . All that has been established at this juncture is that Ernst & Young located approximately 41,000 files that require further review. . . . And while [Alotech] assert[s] that [CFOM] ha[s] destroyed or altered trade secret data in the course of the litigation, and that nothing stops them from doing so again, the only data presently at issue is the data in Ernst & Young's possession. [Alotech was] ordered to instruct Ernst & Young to maintain copies of the devices and data at [Alotech's] expense, eliminating any meaningful concerns of property destruction by [CFOM]. Lastly, if there is any harm to [Alotech's] physical property, it can be remedied monetarily if they prevail.

D. 30, Order at 3–4, May 17, 2024. Having denied the stay, we now consider the merits of Alotech's interlocutory appeal.

## II.   ANALYSIS

Alotech appeals two orders from the district court denying injunctive relief.  First, Alotech appeals the portion of the district court's March 8 Order denying Alotech's motion to enforce the Term Sheet.  Second, Alotech appeals the district court's March 19 Order granting in part and denying in part its motion for a preliminary injunction.  We address each order in turn.

### A.   March 8 Order

Alotech requested permanent injunctive relief in its motion to enforce the Term Sheet, which the district court denied on the grounds that a permanent injunction was an improper vehicle to enforce a condition precedent.  Alotech now argues that the district court erroneously characterized the delivery of the Property as a condition precedent[2] and that the permanent injunction factors are met here.

We review a district court's "decision to grant or deny permanent injunctive relief . . . for abuse of discretion."  *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).  For permanent injunctive relief, a movant must show "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate"; (3) that the balance of hardships favors "a remedy in equity"; and (4) "that the public interest would not be disserved by a permanent injunction."  *Id.*  The Supreme Court has long held that injunctive relief is "a remedy whose basis 'in the federal courts has always been irreparable harm and inadequacy of legal remedies.'"  *Rondeau v. Mosinee Paper Corp.*, 422 U.S. 49, 57 (1975) (quoting *Beacon Theatres,*

---

[2] We need not decide whether the delivery of the Property is a condition precedent because it makes no difference to this interlocutory appeal.  Even if the district court were found to have reached the wrong conclusion on that point, Alotech is still not entitled to the injunctive relief that it seeks because it has not shown that it has been irreparably harmed or that it lacks an adequate legal remedy.  Furthermore, Alotech's argument appears to be premised on invited error, which would itself independently doom this appeal.  *See United States v. Carter*, 89 F.4th 565, 568 (6th Cir. 2023).

*Inc. v. Westover*, 359 U.S. 500, 506–07 (1959)). Our analysis starts and ends with those two factors.

Alotech alleges that CFOM's mere possession of its files shows irreparable injury, resting on the principle that ownership of trade secrets belonging to another, alone, is sufficient to establish irreparable harm. Although trade-secret theft may demonstrate irreparable harm in some cases, litigants must still establish that harm in order to receive injunctive relief. *See eBay Inc.*, 547 U.S. at 394 (holding that injunctive relief for intellectual-property infringement must still be adjudged on the four-factor test); *Allied Erecting & Dismantling Co. v. Genesis Equip. & Mfg., Inc.*, 511 F. App'x 398, 405 (6th Cir. 2013) (holding, in a case involving trade secrets for which monetary damages were ascertainable and in which other nonmonetary specific harm was unlikely, that there was no irreparable harm).

Here, Alotech correctly notes that the district court "determined that there are 41,000 files that *may* be Alotech property." But the district court has yet to determine whether those files are definitively Alotech's property, and if so, to what extent. The devices in question were in the possession of CFOM prior to the current dispute and have since been returned to CFOM. Even if these devices do contain intellectual property belonging to Alotech, the data relevant to this appeal is currently held in copy by EY, eliminating the threat of the Property's destruction or manipulation. Alotech has thus failed to establish irreparable injury.

Regarding adequate remedies at law, our prior order in this case denying a stay pending appeal held that any injuries Alotech may incur from CFOM's ownership of the Property could be remedied by monetary damages. Alotech instead asserts that there is no adequate remedy at law that may provide relief from the injury of "the loss of trade secrets" and the devaluation of its property. First, as established above, Alotech has not "lost" any trade secrets since the turnover to

EY. Instead, CFOM may (or may not) have been in possession of Alotech's files for years, and those files are now safely stored in duplicate by a third party. Any trade secrets contained in those files are not "lost," and any secrets divulged to CFOM were divulged long ago. In this respect, the *only* remedy available is monetary. Second, Alotech's assertion that the devaluation of its property is incalculable misunderstands the term "devaluation" and the purpose of evidence proving it. If Alotech is correct that its property has been devalued—or, in other words, its *value has lessened monetarily*—then it is Alotech's burden to demonstrate to what extent. We decline to revisit our prior holding that Alotech has an adequate remedy at law.

Alotech fails at this juncture to establish either irreparable injury or inadequate remedy at law. The district court did not abuse its discretion in denying a permanent injunction, and we affirm the March 8 Order.

### B. March 19 Order

In its March 19 Order, the district court denied Alotech's requested preliminary injunction. To determine whether preliminary injunctive relief is warranted, courts balance four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (en banc) (per curiam) (quoting *PACCAR Inc. v. TeleScan Techs., LLC*, 319 F.3d 243, 249 (6th Cir. 2003)). The purpose of a preliminary injunction is, in part, to preserve the status quo pending a determination on the merits. *See FTC. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966).

We review "the district court's ultimate determination . . . denying preliminary injunctive relief" for an "abuse of discretion." *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005). "This standard of review is 'highly deferential' to the district court's decision." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 541 (6th Cir. 2007) (quoting *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000)). We review the district court's factual findings for clear error and its legal conclusions de novo. *Enchant Christmas Light Maze & Mkt. Ltd. v. Glowco, LLC*, 958 F.3d 532, 536 (6th Cir. 2020).

Although these factors are ordinarily balanced, "the existence of an irreparable injury is mandatory." *D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 327 (6th Cir. 2019). It is well established that preliminary injunctive relief "is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). Mere speculation about, or bald assertion of, irreparable harm is insufficient. *See id.* Where injuries have "an adequate remedy at law," such as sufficient monetary relief, they are not irreparable. *Id.*

In denying injunctive relief, the district court exercised caution by, on the one hand, finding that further analysis was required to determine if a breach occurred, while, on the other, ensuring that copies of the Property would be held by a third party to protect its integrity. The status quo at the time of the Term Sheet's execution—namely, CFOM's possession of the Property—is maintained by the district court's orders, and the Property is protected by this requirement imposed on EY.

Our May 17 Order denying a stay held that Alotech failed to establish that injunctive relief would prevent irreparable harm under the circumstances surrounding this appeal. The record continues to bear out that conclusion. Because Alotech has failed to establish irreparable harm on

these facts, the district court acted within its discretion in denying its request for a preliminary injunction.

### III.    CONCLUSION

For the reasons stated above, we **AFFIRM** the district court's March 8 and March 19 Orders.